993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Helen Maxine McCANIC, Plaintiff-Appellant,
v.
CITY OF LONG BEACH; Marilou Newkirk, Defendants-Appellees.
 No. 91-56470.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1993.
Decided May 21, 1993.
 
 1
 Before NOONAN and TROTT, Circuit Judges, and FITZGERALD*, District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Helen Maxine McCanic appeals from the district court's dismissal of her complaint without leave to amend. The complaint alleged race and sex discrimination by McCanic's employer, the City of Long Beach, California, and her past supervisor, Marilou Newkirk. McCanic claimed a right to recovery under Title VII, 42 U.S.C. § 2000e-5, and the Reconstruction era civil rights acts, 42 U.S.C. §§ 1981, 1983 and 1985. McCanic also asserted a cause of action under California law, Cal.Gov't Code § 12940, et seq. We affirm the district court's dismissal of the complaint.
 
 FACTS and PROCEEDINGS
 
 4
 Helen Maxine McCanic has been a classified Clerk Typist II with the City of Long Beach (the City) since at least 1984. In 1987 she was working in the Public Service Bureau under the supervision of Marilou Newkirk, an unclassified employee. In March of 1987 Newkirk distributed a schedule of kitchen duties to the clerical staff. McCanic complained of the assignment to Dan Gooch, Administrative Officer, and Dolores Barrows, Affirmative Action Officer, and Newkirk subsequently withdrew the schedule, requesting volunteers instead. Only females were asked to volunteer for the cleaning tasks. Approximately one month later Newkirk gave McCanic a letter of rotation to the Engineering Bureau. McCanic filed a complaint with the EEOC alleging sex discrimination on January 8, 1988.
 
 
 5
 McCanic became aware that unclassified employees were holding supervisory positions against City policy. She took her complaint to the Civil Service Commission (Commission). After investigation, the Commission ordered the City to fill all supervisory positions with classified employees (i.e., those who had passed the civil service exam and subsequently could be fired only for cause). As a classified employee, McCanic participated in the Clerk Supervisor exam and placed third on the eligibility list. After passing the exam, McCanic applied for several supervisory positions but was never selected.
 
 
 6
 McCanic's supervisor in the Engineering Bureau transferred to another position and was replaced by a probationary classified employee, Linda Dunigan. McCanic felt she was being harassed by Dunigan. She especially took offense to the term "bright" used by Dunigan, also a black female, in her review of McCanic. The term is sometimes used in a derogatory manner by dark-skinned blacks to refer to fair-skinned blacks. McCanic complained to officers of the City but neither Dunigan or McCanic were moved. McCanic also complained to the Commission about the placement of a probationary employee in a supervisory position.
 
 
 7
 After being placed in a segment of the Engineering Bureau with a high number of citizen complaints, McCanic requested that the Commission reverse her 1987 transfer to Engineering. The Commission appointed Carol Moss, Executive Director and Commission Secretary, to mediate between McCanic and the City. In the course of these meetings McCanic was offered a higher-level position at the airport which she refused. The talks eventually broke down.
 
 
 8
 McCanic was transferred back to the Public Service Bureau as the result of a workers' compensation claim and a second request of the Commission that her 1987 transfer be reversed. She was placed in Street Landscaping, another division which routinely dealt with citizen complaints. McCanic was not happy with the transfer but continues to work for the City.
 
 
 9
 After McCanic filed her complaint with the EEOC in January 1988, she received a letter from the California Fair Employment and Housing department notifying her that the state was deferring to the EEOC. The EEOC issued a right-to-sue letter on July 13, 1990. McCanic filed suit in the district court on October 12, 1990. Newkirk and the City twice moved to dismiss for failure to state a claim. The district court granted both motions with leave to amend. McCanic amended the complaint twice. Newkirk's and the City's third motion to dismiss for failure to state a claim was granted without leave to amend. McCanic filed a timely notice of appeal.
 
 ANALYSIS
 
 10
 Grant of a motion to dismiss for failure to state a claim is reviewed de novo. Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.), cert. denied, 113 S.Ct. 655 (1992). All factual allegations contained in the complaint are assumed to be true and must be construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). A complaint should only be dismissed where it is apparent that the plaintiff could prove no set of facts supporting a claim upon which relief may be granted. Id.
 
 
 11
 Any claim by McCanic based upon the assignment of kitchen duties and her subsequent complaint and transfer is barred for failure to make a timely filing with the EEOC. Because California is a deferral state, McCanic had 300 days to file her complaint with the EEOC. 42 U.S.C. § 2000e-5(e). McCanic was transferred on April 22, 1987. She filed her complaint with the EEOC on January 8, 1988, which immediately forwarded it to the appropriate California agency. Where the EEOC defers to a state agency, the complaint is not deemed filed with the EEOC until 60 days after deferral or the state proceedings terminate, whichever is earliest. Mohasco Corp. v. Silver, 447 U.S. 807, 817 (1980). McCanic's complaint was not filed with the EEOC within the meaning of § 2000e-5(e) until at least March 8, 1988. Only discriminatory conduct occurring within 300 days of that date, or after May 13, 1987, would be actionable. The assignment of kitchen duties, McCanic's complaint, and her transfer to Engineering all occurred before May 13, 1987. Any cause of action based upon these events was properly dismissed.
 
 
 12
 Absent direct proof of discrimination, a plaintiff must establish a prima facie case under Title VII with evidence that " 'gives rise to an inference of unlawful discrimination.' " Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1409 (9th Cir.1987) (quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)). For a claim of disparate treatment, a plaintiff generally must prove that she belongs to a protected group, that she applied and was qualified for a job for which the employer was seeking applications, that she was rejected, and that the employer continued to seek applicants with the same qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 13
 McCanic has not alleged a prima facie case of disparate treatment under Title VII. She is a member of a protected group. She applied for open supervisory positions and was rejected by the City. By her performance on the Clerk Supervisor exam she has proven her qualifications. The facts as alleged by McCanic, however, do not raise an inference of discrimination. The positions for which McCanic applied were filled, yet noticeably absent from the complaint is any allegation that the City filled the positions with applicants not of McCanic's race or gender. The facts which bear out a prima facie case must be specifically pled. Jurado, 813 F.2d at 1409.
 
 
 14
 McCanic also alleges a cause of action for racial harassment based upon her treatment by her supervisor, Linda Dunigan. Assuming that Dunigan's actions could be considered harassing or racially motivated, they were not so pervasive or severe to affect a term, condition, or privilege of McCanic's employment. Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986). McCanic also fails to set forth sufficient facts to establish a claim based upon retaliation for Title VII protected activities. The allegations in the complaint show that many employees were transferred between jobs and departments within the city. Even if such transfers could be considered adverse action, McCanic has shown no causal link between her Title VII protected activity of filing a complaint and her transfers. See Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987). The complaint does not state a cause of action under Title VII.
 
 
 15
 Based upon these same facts, McCanic also raises claims under 42 U.S.C. §§ 1981, 1983, and 1985. The Supreme Court has held that there is no cause of action against a state actor under § 1981 separate from that provided by § 1983. Jett v. Dallas Indep. School Dist., 491 U.S. 701, 731 (1989). Dismissal of the § 1981 claim was proper. Inasmuch as McCanic has failed to allege facts giving rise to an inference of discriminatory intent, her claims under §§ 1983 and 1985(3) for denial of and conspiracy to deny her equal protection rights must also fail. See Washington v. Davis, 426 U.S. 229, 248 (1976); Chavez v. Temple Union High School Dist., 565 F.2d 1087, 1092 (9th Cir.1977).
 
 
 16
 The district court properly dismissed McCanic's federal causes of action for failure to state a claim upon which relief may be granted. Under the circumstances, pendent jurisdiction is not properly exercised over the state law claim. The state law claim is properly dismissed for lack of jurisdiction. Because two previous opportunities to amend the complaint failed to yield facts supporting a cause of action, denial of further leave to amend was not error.
 
 
 17
 The district court's dismissal with prejudice is AFFIRMED.
 
 
 
 *
 The Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3